No. 61530.—The Best Foods, Inc. v. United States, protest 301915–K (New York).

Opinion by DONLON, J. Plaintiff having raised no objection, the motion was granted on the ground that the protest was prematurely filed.

No. 61531.—The Best Foods, Inc. v. United States, protests 301917–K and 301918–K (New York).

Opinion by DONLON, J. Plaintiff having no raised objection, the motion was granted on the ground that the protests were prematurely filed.

No. 61532.—Bunge Corporation v. United States, protests 302779–K, 302780–K, and 302781–K (New York).

Opinion by DONLON, J. Plaintiff having raised no objection, the motion was granted on the ground that the protests were prematurely filed.

No. 61533.—Derby Foods, Inc. v. United States, protest 302930–K (A) (New York).

Opinion by DONLON, J. The protest was dismissed.

BEFORE THE FIRST DIVISION, FEBRUARY 5, 1958

No. 61534.—Louis Marx & Co., Inc., and Gehrig Hoban & Co., Inc. v. United States, protest 278488–K (New York).

OLIVER, Chief Judge: This protest is directed against the classification of merchandise, described on the invoice as "WOODEN EDUCATIONAL BLOCKS," which the collector assessed with duty at the rate of 35 per centum ad valorem under the residuary provision in paragraph 1513 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52820, for toys, not specially provided for. Plaintiffs claim that the articles are properly dutiable at only 25 per centum ad valorem under the provision in paragraph 1513, as amended by T. D. 51802, for toy "building blocks * * * valued at 8 cents or more per pound."

Counsel for the respective parties stipulated that the blocks in question are valued at over 8 cents per pound. By virtue of the classification invoked by the collector and under the claim alleged by plaintiffs, there is implied by the respective parties a concession that the blocks in question are toys within the statutory definition of the term, set forth in paragraph 1513 of the Tariff Act of 1930, as follows:

PAR. 1513. * * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. * * *

Thus, the sole question for determination is whether these blocks are the specific kind of toys contemplated by the provision for "building blocks" in said amended